UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00010-RGJ-3

**UNITED STATES OF AMERICA,**                                                           **Plaintiff,**

**v.**

**JUNIS PEGUERO,**                                                                     **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Amend Pretrial Release Conditions filed by Defendant Junis Peguero ("Peguero"). (DN 51.) District Judge Rebecca Grady Jennings referred the motion to the undersigned for resolution. (DN 52.) The United States filed a response, and Peguero filed a reply. (DNs 53, 55.) Therefore, this matter is ripe for review.

For the reasons set forth below, Peguero's motion (DN 51) is **DENIED**.

**I.**      **BACKGROUND**

In late February 2021, Peguero was indicted in the Western District of Kentucky on charges of conspiracy to commit health care fraud, health care fraud, and mail fraud. (DN 1.) After his arrest in the Middle District of Florida, Peguero had a detention hearing before Magistrate Judge Elizabeth A. Jenkins. (DN 34, at PageID # 91.) At the hearing, the United States argued that Peguero posed a serious risk of flight and that there were no conditions that would reasonably assure Peguero's appearance or the safety of the community.[1] The United States cited Peguero's criminal history in support including that he had been convicted of offenses related to flight and violence on a police officer and that he was arrested on the instant charges while on probation for either state charges or supervised release for federal charges or both. Peguero's counsel

---

[1] While the detention hearing was digitally recorded, the undersigned has reviewed a transcript of the hearing, which has since been filed in the record of the instant case.

acknowledged his criminal history but emphasized that he had been compliant with his supervised release conditions for over a year with no violations at the time of the hearing. Defense counsel emphasized that Peguero was living with his brother and father and helping to care for his father who is ill and that he was in a relationship. There was no extensive discussion during the detention hearing of his father's medical condition or the potential need for last minute healthcare visits or any discussion of Peguero's employment at Creative Concrete. Judge Jenkins ordered that Peguero be released on a $35,000.00 bond secured by real estate. (DN 38.) Among other conditions of release, Judge Jenkins directed that Peguero participate in home detention and submit to GPS location monitoring. (DN 51-2.) When Peguero appeared before this Court, the undersigned ordered that Peguero remain on the conditions of release ordered by Judge Jenkins. (DN 36.)

In his instant motion, Peguero requested that the Court remove the requirements that he participate in home detention and GPS monitoring. (DN 51.) In support, he argued that he lives in the Tampa area with his elderly father, who has disabling health conditions. (*Id.* at PageID #148.) He represented that he works full time at a concrete company, and his job responsibilities require him to move from job to job every day and meet with clients in the evenings after typical business hours. (*Id.*) He also helps care for his father. (*Id.*) He argued that the current conditions of his release have made it difficult for him to schedule work assignments and take his father to last minute healthcare visits because any change in his schedule requires written permission from United States Probation. (*Id.* at 149.) He argued that the factors set forth in 18 U.S.C. § 3142(g)(1)-(4) militate in favor of eliminating the home detention and GPS conditions placed upon him because he is charged with a non-violent offense, it is difficult to determine the strength of the evidence against him given how recently discovery began, he is employed and caring for his father,

2

he has complied with all requirements of his pretrial release, and he has remained in communication with his probation officer. (*Id.* at 149-50.) He emphasized that there are other less restrictive conditions that would meet the goals the Court considers under the Bail Reform Act. (*Id.* at 150.)

In response, the United States argued that Peguero had failed to demonstrate any sufficient change in circumstances since the detention hearing justifying his motion and that Peguero remains a danger to the community. (DN 53.) The United States argued that the only possible changed circumstance is Peguero's need to meet clients after hours for his job; however, the United States proposed that this issue could be fixed by expanding Peguero's working hours to a ten or twelve hour day. (*Id.* at PageID # 190.) The United States emphasized that Judge Jenkins found that Peguero was a danger to the community after a "lengthy hearing" and that given his criminal history, that conclusion has not changed. (*Id.* at 190-191.)

In his reply, Peguero argued that he did not need to show changed circumstances to merit a change in his bond conditions. (DN 55.) He argued that the Bail Reform Act permits the Court to modify his conditions at any time. (*Id.* at PageID # 197 (citing 18 U.S.C. § 3142(c)(3)). In response to the United States' substantive arguments, he asserted that he does not constitute a safety risk or a risk of re-offending on pretrial release and that this is proved by his compliance thus far. (*Id.* at 198.) He also disputed any argument that he is a flight risk given he lives with family, his family posted security for his bond, and he maintains fulltime employment. (*Id.*) He emphasized that the Bail Reform Act directs the Court to impose the least restrictive set of conditions on him. (*Id.* at 197, 199.)

United States Probation advised the Court that the process of submitting all of Peguero's job site addresses can be cumbersome and make last minute changes or extensions more difficult.

It advised that it had no knowledge that Peguero had been unable to work as represented in his motion. Ultimately, United States Probation recommended a curfew modification to address Peguero's concerns.

## II.   ANALYSIS

18 U.S.C. § 3142 governs whether a defendant should be released or detained pending trial. Where the court has concluded that a defendant may be released on the least restrictive combination of conditions that will reasonably assure the appearance of the defendant and the safety of any other person and the community, the court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). A separate provision of the statute provides that a defendant's detention hearing may be reopened at any time before trial where the court

> finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). While Peguero argued that he does not need to show new information as required by 18 U.S.C. § 3142(f)(2) to justify a modification, his interpretation of 18 U.S.C. § 3142(c)(3) is untenable. Other courts have held that 18 U.S.C. § 3142(f)(2)'s requirement of new and material information is applicable to motions to modify conditions of release pursuant to 18 U.S.C. § 3142(c)(3). *See, e.g.*, *United States v. Gay*, No. 420CR40026JESJEH, 2020 WL 5983880, at *2 (C.D. Ill. Oct. 7, 2020); *United States v. Kube*, No. 1:19-cr-00257-NONE-SKO, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020); *United States v. Wei Seng Phua*, No. 2:14-cr-00249-APG-PAL, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015); *United States v. Smith*, No. CR-12-1298-PHX-GMS (ECV), 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012); *United States v. Lopez*, No. 2:16-cr-00265-GMN-CWH-2, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019); *United*

4

*States v. Barksdale*, No. CR S-08-0263 FCD, 2008 WL 2620380, *2 n. 3 (E.D. Cal. July 1, 2008). As one such Court explained, without such an interpretation, "a [d]efendant could file endless petitions to modify his conditions . . . . Courts do not ordinarily allow parties to file a motion previously denied over and over again, yet without the threshold showing required in Section 3142(f)(2), nothing in the statute precludes a defendant from doing so . . . ." *Gay*, 2020 WL 5983880, at *3.

Applying this standard in the instant case, the Court finds that Peguero has not met the threshold requirement to either reopen his detention hearing or modify his current conditions of release to remove the location monitoring and home detention restrictions. His father's health condition was discussed during the detention hearing, and his counsel did not make any argument regarding how his care for his father should impact the conditions placed upon Peguero by the Court; instead, the information appeared to be offered primarily to combat the United States' argument that Peguero posed a flight risk. In any event, his father's health condition was known to him at the time of the detention hearing and does not constitute new information under 18 U.S.C. § 3142(f)(2).

As to his employment with Creative Concrete, it is unclear whether the employment itself and/or the conditions of the same are new information that was not known to Peguero at the time of his initial detention hearing. Though his counsel noted during the initial hearing that the Court saw a "lack of employment" due to Peguero's prior care for his father, Judge Jenkins required Peguero to seek and/or maintain full-time legitimate employment without clarifying which was implicated at the time. Creative Concrete was not specifically mentioned nor were the other issues raised in his motion to amend. Peguero's instant motion does not indicate when he began his employment at Creative Concrete. Though he stated in his motion that "[m]ost recently he has

5

been placed in charge of the Tampa fence rental part of the business," his motion contains no other information to show that the conditions of his employment have otherwise changed since the initial hearing or when he was placed in charge of this portion of the business.[2] However, even if his conditions of employment have changed since his initial detention hearing, the Court is not convinced that Peguero's employment has a material bearing on the need for location monitoring and home detention to reasonably assure Peguero's appearance and the safety of the community. Peguero's motion focused on the burden that his current conditions of release place on him, but he cited no authority requiring the Court to structure its conditions so as to eliminate *all* burden on him or even to consider the burden on him at all. The Court's primary motivation in formulating conditions of release is to choose the "least restrictive . . . combination of conditions[ ] that [will] . . . reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). While choosing the "least restrictive" combination of condition does require some analysis of the level of restriction placed on a defendant, the focus is on what combination of conditions will accomplish the goals of ensuring the defendant's appearance and protecting the community, not on how those conditions impact the defendant. Here, even assuming the information regarding his employment is new, the Court finds that this information alone does not change the analysis that motivated Judge Jenkins to impose the location monitoring and home detention requirements. Accordingly, the Court will deny Peguero's motion.

Nevertheless, given the concerns Peguero sought to address in his motion and the suggestions by the United States and United States Probation regarding a potential altering of his

---

[2] To the extent that the information is contained in the May 19, 2021, Letter referenced in the motion, the Court notes that this exhibit appears to have been mistakenly omitted when the motion was filed. (DN 51, at PageID # 148.)

work schedule, the Court will consider a curfew or work day modification if the United States, United States Probation, and Peguero can agree on the terms of the same.

### III. ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Peguero's Motion to Amend Pretrial Release Conditions (DN 51) is **DENIED**.

*Colin Lindsay*
Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record, United States Probation

October 14, 2021